IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 AUG 31  A 11: 21

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

| | | |
|---|---|---|
| **CHONG SU YI,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-16-1786 |
| **WHITE OAK DEPARTMENT OF MOTOR VEHICLE OF MARYLAND,** | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Self-represented Plaintiff Chong Su Yi filed the above-captioned Complaint on June 1, 2016, together with a Motion to Proceed *In Forma Pauperis*, against Defendant, White Oak Department of Motor Vehicles. ECF Nos. 1 and 2. Because Yi appears indigent, the Motion to Proceed *In Forma Pauperis* shall be granted.

In the Complaint, Plaintiff appears to allege that he paid 15 dollars to renew his driver's license in 2015. ECF No. 1 ¶ 4. He adds that previously, in 2007 and 2009, he went to the White Oak Department of Motor Vehicles facility to obtain a license and both times was "refused" despite his "clean driving record in the state of Maryland." *Id.* Plaintiff then alleges that the facility's denial of his driver's license constitutes "involuntary servitude." As relief Plaintiff seeks an order to "cease and desist enforcement of point system." *Id.* ¶ 8.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490

U.S. 319, 327-28 (1989). "Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and that 'state a claim to relief that is plausible on its face.'" *Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf, or that any such cause of action would fall within this Court's jurisdiction. Although Plaintiff appears to seek federal question jurisdiction, there are no facts alleged in the Complaint supporting any such causes of action. Accordingly, Plaintiff's Complaint will be dismissed. A separate Order follows.

August 31, 2016
Date

George J. Hazel
United States District Judge